IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY ANKROM, | ) |
|         Plaintiff, | ) |
|   -vs- | ) Civil Action No. 19-100 |
| ANDREW M. SAUL,[1] | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
|         Defendant. | ) |

AMBROSE, Senior District Judge

# **OPINION**

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 12 and 16). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 13 and 17). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 12) and granting Defendant's Motion for Summary Judgment. (ECF No. 16).

**I.     BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), David Romeo, held a hearing on February 23, 2018. (ECF No. 8-3). On May 9, 2018, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 20-31).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 12 and 16). The issues are now ripe for review.

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

II.     **LEGAL ANALYSIS**

   A.    **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.  20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Residual Functional Capacity ("RFC") [2]

Plaintiff asserts that the ALJ erred in determining her RFC.[3]  (ECF No. 13, pp. 14-18). To that end, Plaintiff specifically argues that the ALJ erred in formulating the highly specific RFC because it was based on the ALJ's improper evaluation of raw medical data.  *Id.*  As such, Plaintiff contends that it is impossible for this Court to determine what the ALJ relied upon in assessing the same.  *Id.*  Therefore, Plaintiff submits that remand is warranted. *Id.*

After a careful review of the record, I disagree.  This is not a case where the ALJ relied on no medical opinion to assess Plaintiff's RFC.  Rather, the ALJ gave significant weight to Plaintiff's treating source, Dr. Ridella.  (ECF No. 8-2, pp. 27-29).  In addition, the ALJ gave partial weight to the state agency medical consultant.  *Id.* at 29. While crediting these opinions, the ALJ crafted an RFC that was more limiting than both opinions.  *Id*. at pp. 25-29.  The ALJ

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §404.1545(a).

[3] The ALJ found Plaintiff has the RFC to perform sedentary work with numerous physical exceptions. (ECF No. 8-2, p. 25).

3

did so based on his review of "of the entire longitudinal record" including the medical history/records, opinions, and Plaintiff's testimony. *Id.* at p. 29.

Plaintiff contends that the ALJ was required to get additional medical opinion evidence to support the same. (ECF No. 13, p. 17). It is true that "[r]arely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant." *Gormont v. Astrue,* No. 11-2145, 2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013), *citing Doak v. Heckler,* 790 F.2d 26 (3d Cir. 1986). Such is not the case here, however. A review of the record reveals that the ALJ thoroughly went through the entire record and specifically set forth the evidence relied upon to make the RFC determination. (ECF No. 8-2, pp. 25-29). For example, the ALJ explained how Plaintiff's "complaints and reports along with above discussed upper extremity pathology" demonstrate greater physical limitations. (ECF No. 8-2, p. 29). Furthermore, the ALJ "found for additional manipulative limitations in light of the treatment history for the claimant's shoulders and as to tenosynovitis." *Id.* The ALJ set forth, in detail, the evidence supporting the same such that I am able to make a proper and meaningful review. (ECF No. 8-2, pp. 26-29). The standard is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). After a review of the record, I find there is substantial evidence of record to support the ALJ's RFC determination. (ECF No. 8-2, pp. 25-29). As a result, I find no error in this regard and remand is not warranted.

An appropriate order shall follow.

IN IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY ANKROM,<br><br>      Plaintiff,<br><br>-vs-<br><br>ANDREW M. SAUL,[4]<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>      Defendant. | Civil Action No. 19-100 |

AMBROSE, Senior District Judge

### ORDER OF COURT

THEREFORE, this 9th day of June, 2020, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 12) is denied and Defendant's Motion for Summary Judgment (ECF No. 16) is granted.

                    BY THE COURT:

                    s/ Donetta W. Ambrose
                      Donetta W. Ambrose
                      United States Senior District Judge

---

[4] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.